UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 23-255 |
| CASEY THORNTON | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Casey Thornton's motion to amend the written judgment.[1] The Government does not oppose the motion.[2] For the following reasons, the Court denies the motion.

Under Federal Rule of Criminal Procedure 35(a), a defendant may have the sentence imposed corrected if there was an "arithmetical, technical, or other clear error." Rule 35(a) specifically addresses corrections of "sentences," meaning the "oral announcement of the sentence." *United States v. Spencer*, 513 F.3d 490, 491 (5th Cir. 2008). Any such correction must be within 14 days of sentencing. *See* Fed. R. Crim. Pro. 35(a). Additionally, Rule 36 allows courts, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. Pro. 36.

---

[1]    R. Doc. 68.
[2]    *Id.* at ¶ 5.

Here, there was neither an error in the oral sentence nor an error in the written judgment. The sentence announced orally, and the sentence proclaimed in the written judgment imposed a term of imprisonment of 51 months. Both were silent as to whether this term was to be served concurrently with his Arizona state sentence in Case Number CR2022-140043-001. This silence was not error.

The plea agreement in this case included that the government would recommend and agreed not to oppose defendant's request that the federal sentence imposed by this Court run concurrently with his Arizona state sentence.[3] But this recommendation was not binding on the Court. *See* Fed. R. Crim. Pro. 11(c)(1)(B) ("such a recommendation or request does not bind the court"); *see also United States v. Otte*, 729 F.2d 1207, 1208 (9th Cir. 1984) ("[I]t is well-settled that acceptance of a plea agreement does not require acceptance of its sentencing recommendation."). The Court evaluated the recommendation and determined that a concurrent sentence was not appropriate here. Per the Presentence Investigation Report, defendant was arrested in Arizona for the Arizona state charges on October 20, 2022.[4] He was not indicted in the Eastern District of Louisiana until

---

[3] R. Doc. 54.
[4] R. Doc. 63.

2

November 17, 2023,[5] and the Factual Basis states that the conduct precipitating the Federal charges occurred in August of 2023 and October of 2023.[6] This is after his Arizona arrest. Accordingly, the Court did not find it appropriate to run this sentence concurrently with his Arizona sentence.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __18th__ day of November, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5]   R. Doc. 1.
[6]   R. Doc. 55.